UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


WAYNE VIGIL and GERALDINE VIGIL,
as husband and wife,

**Plaintiffs,**

vs.                                                                          **Case No. 8:05-CV-223-T-27TBM**

MERCK & CO., INC., *et al.*,

**Defendants.**

_____/

## ORDER

**BEFORE THE COURT** is Plaintiffs' Motion to Remand (Dkt. 6), Defendant's Response

to Plaintiffs' Motion to Remand (Dkt. 13), Defendant's Motion to Refer Plaintiffs' Motion to Remand

to the MDL Proceedings (Dkt. 14), Plaintiffs' Response to Defendant's Motion to Refer (Dkt. 17),

and Defendant's Motion to Stay All Proceedings Pending Transfer Decision by the Judicial Panel on

Multidistrict Litigation (Dkt. 18). Upon consideration, Defendant's motion to stay is GRANTED and

the parties' remaining motions are DENIED as moot.

"[T]he [Judicial Panel on Multidistrict Litigation "JPML"] has the power to transfer cases

with motions to remand pending and the district courts have discretion to stay actions pending

decisions of the JPML even where jurisdictional questions exist." *Falgoust v. Microsoft*

*Corporation*, 2000 WL 462919, *2 (E.D. La. 2000); *see also, In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990)

("MDL Panel has jurisdiction to transfer a case in which a jurisdictional objection is pending,

(citations omitted) that objection to be resolved by transferee court"); *Medical Society of the State*

*of New York v. Connecticut General Corp.*, 187 F.Supp.2d 89, 91 (S.D. N.Y. 2001) ("it is equally

within this Court's power to decline to decide a motion which challenges this Court's subject matter jurisdiction while awaiting the MDL Panel's decision on transfer"); *In re Asbestos Products Liability Litigation*, 170 F.Supp.2d 1348, 1349 n.1 (Jud.Pn.Mult.Lit. 2001) (holding district court judge has the authority to either wait for a transfer order without ruling on a motion to remand, or to rule on the motion before a transfer order has been issued).

It has come to the attention of the undersigned that other Vioxx cases have in the past and may in the future involve the same removal, remand and fraudulent joinder issues. Consistency and economy would be served by resolution of the removal issues by a single court after transfer by the JPML.[1] *See Moore v. Wyeth-Ayerst Laboratories*, 2002 WL 31558416 (D. Md. 2002) (deferring consideration of motion to remand and staying pretrial proceedings pending transfer to *In re Diet Drugs* because the "transferee court has experience deciding motions to remand in this case involving pharmacies, and has intimate familiarity with the issues involving products liability claims arising from the use of Pondimin"); *see also, Falgoust*, 2000 WL 462919 at *1 (staying action pending JPML transfer despite motion to remand because the case "present[ed] questions of fact similar to the other actions pending before the JPML" and because "the same jurisdictional question raised" had been raised before and in the future would likely be raised in other cases pending against the defendant in other districts). Accordingly, it is

**ORDERED AND ADJUDGED** that this case is **STAYED** pending a decision by JPML on whether this action should be transferred. In the event that the JPML determines that transfer of this

---

[1] Plaintiff correctly points out that the undersigned remanded a similar Vioxx case to state court in *Kozic v. Merck & Co., Inc., et al*, Case No.: 04-CV-324-T-27TBM. The order granting plaintiff's motion to remand in *Kozic* was entered in August 2004. The multidistrict litigation for Vioxx cases was established in February 2005. Accordingly, the JPML had not established a multdistrict litigation for Vioxx cases at the time the undersigned ruled on the plaintiff's motion to remand in *Kozic*. Likewise, in *Kozic*, unlike the present case, Defendant Merck had not moved to stay the proceedings.

case is not warranted, Plaintiff may renew her motion to remand with this Court.  The Clerk is

directed to administratively close this case and deny all pending motions as moot.

**DONE AND ORDERED** in chambers this _19th_ day of April, 2005.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Counsel of Record